IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELVIN SANDERS,
    Petitioner,

vs.

R.M. REISH, WARDEN,
    Respondent.

EASTERN DISTRICT OF NEW YORK

CASE NO. CR-92-721-3

1:CV01-0836

FILED SCRANTON
MAY 11 2001

PETITIONER'S MOTION PURSUANT TO TITLE
28 U.S.C. § 2241 WRIT OF HABEAS CORPUS

I, melvin Sanders, <u>Pro Se</u>, in want of counsel, the above captioned Petitioner, is a federal prisoner being held in illegal custody in violation of the United States Constitution by Warden R.M. Reish, at FCI Schuylkill Federal Correctional Institution located in Minersville, Pennsylvania, which is within the jurisdiction of this Court. Petitioner is being held in custody by virtue of the Judgment and Commitment entered on July 13, 1993 in the Eastern District of New York to Case NO. CR-92-721-3.

Petitioner, Melvin sanders, is challengeing the legal entirety of his indictment to be in violation of the United States Constitution and should be entitled to redress by this Court pursuant to Title 28 U.S.C. § 2241.

### STATEMENT OF PETITIONER'S CASE

Petitioner's Motion pursuant to 28 U.S.C. § 2255 would be deemed inadequate and ineffective to test legality of detention because Petitioner is barred from filing under the Anti terrorism and effective Death Penalty Act, ADEPA.

The Petitioner respectfully requests that this Court consider this Motion within the strictures of <u>Haines v. kerner</u>, 404 U.S. 519 (1972), in that Petitioner is representing himself.

-1-

Petitioner relies on language in <u>in Re Dorsanvill</u>, 119 F.3d 245, 249 (3rd Cir 1997). Significantly however, the AEDPA did not amend the safety valve clause in § 2255 that refers to the power of the Federal Courts to grant Writs of Habeas Corpus pursuant to § 2241.

Indeed, § 2255, even following the recent amendment by the AEDPA specifically allows recoures to original Writs Of Habeas Corpus pursuant to § <u>2241</u>.

Indeed, § 2255, even following the recent amendment by AEDPA specifically allows recourse to original Writs of Habeas Corpus, albeit in narrowly defined circumstances.

An application for Writ of Habeas Corpus on behalf of a prisoner who is authorized to apply for relief by Motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by Motion, in to the Court which sentenced him, or that such Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test legality of his detention.

The Court held that a Supreme Court decision interpreting a criminal statute that results in the imprisonment of one whose conduct was not prohibited by law, presents exceptional circumstances where the need for the remedy afforded by the Writ of Habeas Corpus is apparent. id at 346, 94 S.Ct. at 2304. The Court held that if Petitioner's contention is well taken, then his conviction and punishment are for an act that the law does not make criminal.

It was a complete miscarriage of justice to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by §2255. It must follow that it is the same complete miscarriage of justice when the AEDPA Amendment to §2255 makes that collateral remedy unavailable.

In that unusual circumstance, the remedy afforded by §2255 is inadequate or ineffective to test the legality of Dorsanvil's detention.

Although the gatekeeping provisions applicable to successive §2255 petitions must inform a court in determining whether to entertain a petition under §2241, cf, Felker v. Turpin, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), so holding with respect to the gatekeeping provisions applicable to successive §2255 petitions a court can entertain a §2241 petition where a successive petition can allege both that, the Supreme Court, since his last petition, has interpreted the statute under which he was convicted in a new way, and that his conduct was lawful under the statute as so interpreted.

The Petitioner respectfully requests that this court consider this Motion with the strictures of Dorsanvil, 119 F.3d 245, 249 (3rd Cir.).

## FACTS OF THE CASE

Petitioner Melvin Sanders was arrested on June 5, 1992 by agents of the I.R.S., Internal Revenue Service, during a routine conspiracy investigartion for attempted extortion.

petitioner was indicted on or about June 24, 1992. On February 10, 1993, Petitioner plead guilty to a single count indictment of conspiracy to commit extortion in violation of Title 18 U.S.C. § 1951 of the Hobbs Act.

Petitioner was sentenced on April 30, 1993 to 151 months incarceration and 3 years supervised release.

Petitioner raises three Constitutional violations in the Indictment to present to this Court for consideration and judgment to VACATE sentence and conviction imposed on Petitioner.

## I. FIRST ELEMENT RAISED

The Hobbs Act proscribes a number of seperate offenses, each such offense also requires a seperate offense under the statute. Petitioner's indictment charged two such offenses; conspiracy and attempt to extort. Both are improperly charged in a single count. Actual extortion and attempted extortion and conspiracy are seperate offenses under the Hobbs Act. If a seperate and discrete attempted extortion was present, then this should have charged in a seperate count from the conspiracy. In a Hobbs Act 18 U.S.C. § 1951 prosecution charges of conspiracy and attempted extortion could not be properly included in the same count since they are seperate offenses under the statute. The Court of Appeals for the Third Circuit held that indictment was duplicitous where in the sme count it charged both a conspiracy and an attempt extortion, that government should be required to make a pretrial election between the conspiracy and the attempted charges. see <u>United States v. Starkes</u>, 515 F.2d 112, 116 (3rd Cir.); <u>United States v. Blair</u>, 762 F. Supp. 1384, 1386.

In the Hobbs Act prosecution, offenses of conspiracy and attempt could have been included in seperate counts of the same

indictment since they were alleged to have been based on acts or transactions connected together, but they could not be properly included in the same count. For both an attempt to extort and a complete act of extortion, has no relevance in the legal consequences of the two incontestably distinctive offenses, conspiracy and the completed crime that is the object. Duplicity is the joining of a single count of two or more distinct and separate offenses.

The Supreme Court expressly concluded that it was Congress's intent to maintain in the Hobbs Act the long-established distinction between the commission of a substantive offense and of a conspiracy as separately defined crimes even though both are contained in the same provision. Pinkerton v. United States, 328 U.S. 640, 643, 90 L.Ed.2d 1489, 1494, 66 S.Ct. 1180; Callanan v. United States, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312, 317; United States v. Abney, 530 F.2d 963 (3rd Cir.), also at 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651; United States v. Starks, 515 F.2d 112, 116, 118 (3rd Cir.).

## II. SECOND ELEMENT RAISED

The government had not proved a violation of Title 18 U.S.C. §1951(b)(3). Petitioner's indictment did not prove an actual potential direct effect on interstate commerce to justify federal jurisdiction nor was Petitioner indicted on charges for violating a business engaged in interstate commerce.

An attempted extortion on an individual does not satisfy the interstate commerce element of Hobbs Act merely because the individual happens to be an employee of a company. The evidence in Petitioner's indictment establishes that the Complaintant,

Jeffrey Cooper, is an individual and whose only connection with interstate commerce was his employment by a business engaged in interstate commerce, and that the business itself was not affected nor was part of the attempted extortion.

It is suggested that the extortion attempt might have affected the performance of his employment duties, but this linkage to his business is very much too indirect to present a sufficient nexus with interstate commerce to justify federal jurisdiction under the Hobbs Act. The reading of the statute makes clear that it is not every act of extortion which is punishable thereunder, only the obstruction, delay, or affection of interstate commerce by means of extortion gives federal courts jurisdiction. This argument, however, overlooks the point that alleged conspiracy to extract money from Complaintant Jeffrey Cooper did not in and of itself affect interstate commerce, one of the essential elements of proof required to establish a violation of the Hobbs Act. The government was required by law to prove beyond a reasonable doubt, before there is any federal jurisdiction, that the natural consequences of the acts alleged in the indictment. This proof on Petitioner was insufficient to support a conviction under the Hobbs Act by law. See United States v. mattson, 671 F.2d 1020 (7th Cir.); United States v. Collins, 40 F.3d 95 (5th Cir.); United States v. Wang, No. 98-6490 (August 3, 2000 6th Cir.). See also Exhibits A, B, & C.

First, it is very doubtful whether the depletion of personal assets theory applies at all in a Hobbs Act violation when the victim of the attempted extortion is an individual rather than a business engaged in interstate commerce.

Extorting money to be devoted to personal use from an individual does not affect interstate commerce. The depletion of assets theory is not available when the victim is an individual as opposed to a business. The indictment charges an affect on interstate commerce, in that money was requested, in plain english, that charges an effect on interstate commerce by the payment of money from an individual does not violate the Hobbs Act.

The government's argument about the threatened force, violence and fear to Complaintant would surely have impacted interstate commerce if implemented also does not bear analysis in terms of what the indictment charges. Remember again, the indictment says in Exhibit A, that Petitioner attempted to affect interstate commerce by extorting money from Complaintant. This did not represent an effect or attempted affect upon a business engaged in interstate commerce. An individual may be extorted in a manner which would affect interstate commerce, if the actual extortionate payment forces the individual to perform a direct interstate transaction. See <u>United Statesv. Kaye</u>, 593 F.Supp. 193, 197; <u>United States v. Mattson</u>, 671 F.2d 1020, 1024.

In <u>United Stats v. Hoelker</u>, 765 F.2d 1422 (8th Cir.), the indictment alleges that an individual victim was threatened with physical violence in order to force the victim to sign a life insurance policy application, which named the defendant as the benificiary. The indictment further stated that the policy was to be issued by the Kentucky Central Life Insurance Company, a business engaged in interstate commerce, and that one of the defendants had submitted the application to the company to have the policy approved.

Here, the extortion was from an individual, but the actual property extorted necessarily required an interstate commercial transaction, namely the purchase of life insurance from an out of state company. The extorted payment itself forced the individual victim to perform an act of interstate commerce, which made it a violation of the Hobbs Act, 18 U.S.C. §1951.

In Petitioner's case, the intent to extort money from victim personally, and not from a business, or an attempt on his personal business, would not support a conviction under the Hobbs Act. See United States v. Buffey, 899 F.2d 1402, 1406.

In federal jurisdiction, robbery and extortion of individuals does not satisfy the interstate commerce element of the Hobbs Act, 18 U.S.C. §1951. Robberies of individuals will ordinarily not satisfy the interstate commerce element, a majority of the United States Court of Appeals for the Sixth Circuit decided on August 3, 2000, in United States v. Wang, supra. There is an important difference between the robbery of a business engaged in interstate commerce and the robbery of a private individual, even one who is employed by an interstate business, the majority held in United States v. Wang, supra.

The Circuits that have considered the issue, have recognized that extortion or robbery of a private citizen that causes only a speculative indirect affect on a business engaged in interstate commerce, will not satisfy the jurisdictional requirement of the Hobbs Act. The majority reported with the approval of the Fifth Circuit's refussal in United States v. Collins, 40 F.3d 95, 100 (5th Cir. 1994).

Extortion of a private citizen does not, through aggregation,

effect interstate commerce merely because the individual happens to be an employee of a national company, or happens to be carrying proceeds from a restaurant, does not affect the Hobbs Act. When the government seeks to satisfy the Hobbs Act's jurisdictional nexus by showing a connection between an individual victim and a business engaged in interstate commerce, that connection must be a substantial one, not one that is fortuitios or speculative. The government made no such showing in Petitioner's conviction. A review of Petitioner's Indictment, Exhibit A, will show that Petitioner was not indicted for extorting a business but for extortion on an individual who happens to be an employee of a company that does business in interstate commerce, which the business had no connection with the attempt extortion.

We are persuaded that if the extortion of an individual were found to affect the real or perceived disruption of the individual work, the reach of 18 U.S.C. §1951 would be ubiquitous, in our closely interwoven economy.

The Hobbs Act's definition of commerce is coextensive with the congressional commerce power extends only to conduct which exerts a substantial economic effect on interstate commerce. It is manifest that Congress may not regulate conduct that, standing alone, does not directly affect interstate commerce or have direct effect on the business engaged in interstate commerce. A finding of the requisite nexus herein would be in stark conflict with the principle that our federal government has limited and enumerated powers, with routine police power generally being reserved to the States. Unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal

state balance. <u>United States v. Kaye</u>, 593 F.Supp. 193, 197, 199; <u>United States v. Mattson</u>, <u>supra</u>; <u>United States v. Collins</u>, <u>supra</u>.

### III. THIRD ELEMENT RAISED

Petitioner was arrested on June 5, 1992, in the eastern District of New York, by agents from the I.R.S. who were from the Southern District of New York.

Now, how did the Petitioner come to be arrested by agents of the I.R.S. for conspiracy to commit extortion by agents who were from another district from where the alleged conspiracy had taken place and not by the proper law enforcement of the State of New York or by the F.B.I. from the Eastern District of New York?

On or about April 28, 1991, complaintant Jeffrey Cooper, was previously arrested by agents from the I.R.S. who were out of the Southern Distirct of New York, for money laundering, a year before Petitioner was arrested. Unknown to the Petitioner at time of the alleged conspiracy that complaintant Cooper, had contacted the I.R.S. agents who had arrested him, at the beginning of the conspiracy, to inform the I.R.S. agents of the attempted extortion made upon him and the same I.R.S. agents just so happened to be the same ones to have arrested Petitioner on this charge. Why hadn't the I.R.S. agents notified prosepective law enforcement of the State of New York or the F.B.I. at that point in time, who had jurisdiction governing over the Eastern District where the alleged conspiracy had taken place, being that the I.R.S. agents knew about it from the start? Petitioner believes and now knows because there was no direct or indirect affect upon the interstate commerce to satisfy federal jurisdiction elements

under the Hobbs Act, is why the prospective law enforcement was not contaced in Petitioner's case. Extortion or Attempted extortion on a private individual does not, through aggregation, affect interstate commerce element of Hobbs Act merely because the individual happens to be an employee of a company. Because the I.R.S. agents learned of the conspiracy before it came to fruitation, a direct affect on interstate commerce was impossible. The I.R.S. never would have allowed it by law to satisfy the jurisdiction]al element under the Hobbs Act. See United States v. Buffey, supra; Collins, supra.

## CONCLUSION

The case of United States v. Starks, 515 F.2d 112 was argued on February 27, 1975 and decided on April 21, 1975 (Amended June 24, 1975), before Justices Van Russen, Gibbons, and Hunter, of the Third Circuit Court of Appeals. The Court stated that there are a number of separate offenses that the Hobbs Act proscribes: 1) Robbery; 2) Extortion; 3) Attempted Robbery or Extortion; and 4) Conspiracy to Commit Robbery or Extortion. The Court found that each such offense also requires the federal jurisdictional element of obstruction, delay, or effect on interstate commerce. Also stated, the indictment [of Starks] charged two such offenses, conspiracy to extort and attempt to extort. Since both were improperly charged in a single count, the defendant's pre-trial motions that the indictment be dismissed, or that the government be required to elect should have been granted.

As the Court reviews Petitioner's indictment, the review would also show a case of duplicity, the joining in a single

count of two or more direct and separate offenses.

Petitioner raises two principle questions of importance to be reviewed by this Court pertaining to his judgment of conviction and sentence. The Hobbs Act element requires that interstate commerce be affected by extortion. There must be a nexus between extortion and interstate commerce before federal jurisdiction is present. The only nexus here was between the attempted extortion of Complaintant and the Petitioner.

There was no nexus between the attempt extortion of complainative and complaintative business to violate federal jurisdiction. The extortion of a private individual that causes only a speculative indirect effect on a business engaged in interstate commerce will not satisfy the jurisdictional requirement of the Hobbs Act. There are two things that are of paramount importance here, our rule of law has been preserved in which no one can be convicted merely because he or she is a bad person, but conviction can be obtained only because every element of the crime actually charged has been proved beyond a reasonable doubt.

Petitioner asserts his actual innocence and for the Court not to act upon this motion would constitute a miscarriage of justice. Petitioner's motion has substantial merit and there is a substantial likelihood that he will prevail on those claims.

WHEREFORE, Petitioner respectfully requests and prays that this Court grants the Petitioner all relief deemed just and proper.

Executed on this 16th day of April, 2001.

Respectfully Submitted,

*Melvin Sanders*
Melvin Sanders, Pro Se
Register No. 14136-053
P.O. Box 759
Minersville, PA 17954-0759

# PROOF OF SERVICE

I Certify that on April 16, 2001 (date) I mailed a copy of the enclosed attachments via first class mail to the following parties at the addresses listed below:

Office of the Clerk

U.S. District Court

Middle District of Pennsylvania

228 Walnut Street

P.O. Box 983

Harrisburg, PA 17108

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on April 16, 2001 (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746.

_Melvin Sanders_           April 16, 2001
(Signature)                       (Date)