IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melvin Sanders,<br>      Petitioner<br><br>vs.<br><br>R.M. Reish, Warden,<br>      Respondents. | Civil Action No. 1:CV-01-0836<br>Motion To Alter or Amend<br>A Judgement Pursuant to<br>F.R.Civ. P. Rule 59(e) of<br>Order Filed June 28, 2001 |

FILED
HARRISBURG

JUL 1 0 2001

MARY E. D'ANDREA,
Per_____
DEPUTY CLERK

Comes Now, Petitioner, Melvin Sanders, In Pro Se, files this timely matter to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) of order filed June 28, 2001.

This matter is filed Pro Se; the petitioner request that this pleading be liberally construed in accordance with Haines v. Kerner, 404 U.S. 519 (1972); and Cruz v. Beto, 405 U.S. 319 (1972), Since the undersigned Petitioner is not an attorney and has no formal training in legal matters.

### Argument

Petitioner asserts that this court must grant this Rule 59(e) motion for the foregoing reasons:

1) The petitioner asserts that the district court never adjudicated the three previous claims on the merits presented in his first § 2241 habeas corpus petition.

2) petitioner's first § 2241 was dismissed without prejudice as to any right Sanders may have to file a § 2255 motion in the United States District Court for the Eastern District of New York.

3) petitioner relies on the language in <u>In re Dorsonvll</u>, 119 F.3d 245,249 (3rd Cir.1997) in presenting a new claim that in unusual circumstances, the remedy afforded by § 2255 is inadequate or ineffective to test the legality of the wrongful detention.

4) petitioner invokes the <u>Sanders ends - of justice standard</u>. "We conclude that the "ends of justice" requires federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence. On the last page of petitioners's § 2241 he asserts his actual (petitioner committed a type 0 error should read factual) innocence.

5) In the instant case Controlling weight may not be given to denial of a application for federal habeas corpus relief when (1) the same ground presented in the subsequent application was not determined adversly to the applicant on the prior application, (dismissed without prejudice), (2) the prior determination was not on the merits, and (3) the ends of justice would be served by reaching the merits of the subsequent application.

6) petitioner's asserts that the burden is on the government to plead abuse of the writ, when a habeas corpus is dismissed as asecond or successive § 2241 petition pursuant to 28 U.S.C § 2244 see; <u>Sanders v. United States</u>, supra at 373 U.S. 11., witch states :"......, it rests with the government to make that claim with clarity and particularity in it's return to the order to show cause" Id. 334 U.S. at 229." the court reasoned that it

would be unfair to compel the habeas applicant, typically unlearened in the law and unable to procure legal assistance in drafting his application, to plead an elaborate negative.

7) petitioner contends that his second § 2241 was filed in accordance with <u>Haines v. Kerner</u>, 404 U.S. 519(1972) and thus, his second § 2241 should have been construed nether as a motion to obtain permission to file a second or successive § 2241 petition pursuant to 28 U.S.C. § 2244 or as a Rule 60(b) motion pursuant to 28 U.S.C § 2241, because of the jurisdictional nature of the issues raised within petitioner second motion. Petitioner also asserts that this court is obligated to answer the jurisdictional issues raised in the motion on the merits, before this court can dismiss this motion as a second or successive § 2241 petition pursuant to 28 U.S.C. § 2244.

For the foregoing reasons, the petitioner respectfully request that this Honorable court grant him all relief deemed just and proper in the interest of justice.

Date: July 8, 2001

Respectfully submitted

*Melvin Sanders*
Melvin Sanders
Reg. No. 141436-053
FCI Schuylkill
PO Box 759
Minersvill, PA 17954-0759