IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN SANDERS,** | : | CIVIL ACTION NO. 1:CV-01-0836 |
| Petitioner | : | |
| v. | : | |
| | : | **FILED** |
| **R. M. REISH, WARDEN,** | : (Judge Rambo) | HARRISBURG, PA |
| | : | AUG 06 2001 |
| Respondents | : | MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk |

### ORDER

Petitioner, Melvin Sanders, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 20, 2001. On June 28, 2001, this Court denied Sander's petition without prejudice to any right he may have to file a § 2255 motion in the United States District Court for the Eastern District of New York. Petitioner now files the instant motion for reconsideration of his petition for writ of habeas corpus. Because this Court finds that Sanders has failed to provide the evidence required for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, petitioner's motion will be denied.

Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 with this Court on October 19, 2000 which was dismissed without prejudice for petitioner to file a §2255 motion with the United States District Court for the Eastern District of New York on April 2, 2001. Instead of filing a § 2255 motion, Sanders, verbatim, raised the identical three claims in the instant § 2241 petition before this court. Sanders

has failed to demonstrate that he has obtained permission from the Third Circuit Court of Appeals to file a successive petition.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Petitioner contends he is factually innocent and therefore this court must review the petition on its merit. In his pending motion for reconsideration, Sanders fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration. Petitioner merely wants this Court to rethink its earlier decision. Glendon Energy Co. V. Borough of Glendon, 836 F.Supp.

1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is <u>not</u> properly grounded on a request that a court rethink a decision already made).

Accordingly, this Court does not find that petitioner has satisfied the requirements for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and, therefore, petitioner's motion is denied. As stated in the original order, it is through the District Court for the Eastern District of New York that Sanders must seek relief to further challenge his criminal conviction. See <u>In re Minarik</u>, 166 F.3d 591, 609 (3d Cir. 1999); <u>Enwige v. United States</u>, No. 3:CV-98-0438 (M.D. Pa. Jan. 19, 2000). An appropriate order follows.

**IT IS HEREBY ORDERED THAT**:

1. The motion for reconsideration (Doc. 6) is **DENIED**.

2. The Clerk of Court is directed to close this case.

3. There is no basis for the issuance of a certificate of appealability.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 6, 2001.

O:\RAMBO\KING\Inbox\SANDER~3.WPD

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                  * * MAILING CERTIFICATE OF CLERK * *

                          August 6, 2001
```

Re:  1:01-cv-00836   Sanders v. Reish

True and correct copies of the attached were mailed by the clerk to the following:

```
Melvin Sanders
FCI-SCHUYLKILL
14136-053
P.O. Box 759
Minersville, PA  17954
```

| cc: | | | |
|---|---|---|---|
| Judge | (X) | (X) | Pro Se Law Clerk |
| Magistrate Judge | ( ) | ( ) | INS |
| U.S. Marshal | ( ) | ( ) | Jury Clerk |
| Probation | ( ) | | |
| U.S. Attorney | ( ) | | |
| Atty. for Deft. | ( ) | | |
| Defendant | ( ) | | |
| Warden | ( ) | | |
| Bureau of Prisons | ( ) | | |
| Ct Reporter | ( ) | | |
| Ctroom Deputy | ( ) | | |
| Orig-Security | ( ) | | |
| Federal Public Defender | ( ) | | |
| Summons Issued | ( ) | with N/C attached to complt. and served by: U.S. Marshal ( )    Pltf's Attorney ( ) | |
| Standard Order 93-5 | ( ) | | |
| Order to Show Cause | ( ) | with Petition attached & mailed certified mail to:  US Atty Gen ( )   PA Atty Gen ( )    DA of County ( )   Respondents ( ) | |
| Bankruptcy Court | ( ) | | |
| Other_____ | ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: August 6th, 2001                   BY: _____
                                              Deputy Clerk